## CLEVELAND COOPERATIVE COAL CO v SNODGRASS etc, et

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10584. Decided Feb 24, 1930

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Coal Co.

J. C. Logue, Cleveland, for Snodgrass et.

SULLIVAN, J.

There is a conflict in the evidence as to whether there was contributory negligence which of course would be a question of fact for the jury to determine unless as is claimed by the plaintiff in error that under the record it was contributory negligence as a matter of law, for the reason as claimed that Snodgrass could have avoided the collision had he been in the exercise of due and ordinary care.

In examining this question it is our conclusion that no matter in what light the record is viewed, the contributory negligence, if any, was not in and of itself a matter of law. It was a question of fact to be determined by the fact finding tribunal under all the circumstances disclosed by the record and when the instant case was before us on another occasion with facts similar in substance to the one at bar, it was so held by this court and in our judgment the facts being practically similar in both cases, that our judgment in the former case, that the question of contributory negligence was one for the jury, is applicable to the case at bar, and hence we do not think that the charge that there was contributory negligence as a matter of law, is well founded. (See 7 Abs 591.)

Jones, the expert, who was riding some fifty or seventy-five feet behind Snod-grass, testified that the motorcycle could not be stopped in time to avert the collision and therefore the only thing left for Snodgrass to do was to escape the truck entirely in which he almost succeeded, as what struck him was the last fraction of the truck itself which projected but a little distance from the truck proper and was apparently in use in connection with the fastening of the tail part.

Pfingston testified that the truck driver gave no signal of his intention to turn; that it appeared to him that the truck was not able to make the turn and escape the collision. His testimony is that the truck was going from twelve to fifteen miles per hour while making the turn across the street into Congress Court and at this particular time there is credible evidence in the record to show that the decedent was not more than twenty-five feet away from Congress Court.

There was introduced in evidence Section 2416, subdivision (a), of the traffic code of the City of Cleveland which provided that drivers of vehicles before turning shall make sure that such movement can be made in safety and shall give notice of their intention in a way visible outside the vehicle.

There is evidence in the record that this was not done and although it is conflicting it still leaves the question as one of fact for the determination of the jury.

The driver of the truck himself testified that his vision was good; that when he started to make the turn a distance of some 210 feet from Woodlawn Ave., there was nothing to obstruct his vision between Congress Court and Woodlawn Avenue. If this was so it seems clear from the record that the decedent was in view but that he did not see him as he says he looked back, slowed up and then started forward across the street at a rate of about five to eight miles per hour.

It is also the testimony of the truck driver that he had no knowledge of the accident until he saw Snodgrass lying prone on East 83rd St., opposite the entrance to the Court from which place he was taken to the hospital and died within an hour.

Thus it is seen that the issue before the jury as to this collision was whether the truck turned at a point into Congress Court where it could not have been done with safety and that when he did so he made it impossible for the decedent to accept any other course in order to preserve his life than the course which he took and which resulted in his death, and when we come to weigh this question we must keep in mind the overwhelming decisions that in cases of emergency one is not held to a nicety and delicacy of judgment. That the circumstances of the emergency and the apparent danger must be taken into consideration in determining the question of the exercise of ordinary care or the question of contributory negligence. It is true that the opposite of these circumstances is urged by the plaintiff in error but this conflict only makes it a question at

issue and therefore determinable by the jury inasmuch as it cannot be said as a matter of law, under the record, that he was guilty of contributory negligence, for one cannot be guilty of contributory negligence as a matter of law where there is an issue of fact raised by conflicting evidence. It is only when there is one view obvious from the record and that view is the unquestionable conduct of the party claiming the right to recover by reason of the negligence of the one charged with the injury.

We have examined those portions of the charge of the court which are relied upon by plaintiff in error to show prejudice in the instructions but when we come to read the entire record it is our conclusion that the charge of error is unmerited because the questions complained of, we think are taken care of in other portions of the charge.

Particular exception is taken by counsel for plaintiff in error to the following charge:

> "By a preponderance of the evidence is meant the greater weight of all the evidence in the case. If, however, (the word 'however' is stricken out with pen) after a fair consideration of all the evidence offered by both parties in reference to the negligence charged by the plaintiff against the defendant, you believe it more probable that the death of Robert Snodgrass was directly caused by such negligence of the defendant than that it was not so caused, then the weight of the evidence would perponderate in favor of the plaintiff in that regard, but, if upon like consideration of all the evidence, you do not find it more probable that Robrt Snodgrass' death was caused by the negligence of the defendant than it was caused in some other way, then you would not be warranted in finding that it has been shown by a preponderance of the evidence that his death was caused by the defendant's negligence."

The claim made here is that the use of the word "probable" by the court had a tendency to lead the jury into the field of speculation instead of fact but when we come to read the language of our Supreme Court in **Sobolovitz vs Lubric Oil Co., 107 OS. 208,** we are forced to the conclusion that there was no error in this respect.

Judge Robinson in his opinion in that case used the following language:

> "While it is true that a jury in the trial of civil cases deals with probabilities, it is limited in that respect to the ascertainment of the probable truth from the evidence and reasonable inferences deducible therefrom."

Thus holding, the judgment of the lower court is hereby affirmed.

Vickery, PJ., and Levine, J., concur.